## DAVIS v. MASSACHUSETTS.

ERROR TO THE SUPERIOR COURT OF SUFFOLK COUNTY, MASSACHU-
SETTS.

No. 229. Argued and submitted March 25, 1897. — Decided May 10, 1897.

The ordinance of the city of Boston which provides that "no person shall, in or upon any of the public grounds, make any public address," etc., "except in accordance with a permit from the mayor," is not in conflict with the Constitution of the United States and the first section of the Fourteenth Amendment thereof.

It was charged against the plaintiff in error, in the municipal court of the city of Boston, that "in and upon certain public grounds of said city, within said district, called the 'common,'" he "did make a public address, the same not being then and there in accordance with a permit from the mayor of said city, against the peace of said Commonwealth, the form of the statute of said Commonwealth and the revised ordinance of said city in such cases made and provided."

The ordinance claimed to be violated was section 66 of the revised ordinances of the city of Boston, (1893,) and reads as follows:

"Sec. 66. No person shall, in or upon any of the public grounds, make any public address, discharge any cannon or firearm, expose for sale any goods, wares or merchandise, erect or maintain any booth, stand, tent or apparatus for the purposes of public amusement or show, except in accordance with a permit from the mayor."

The proceedings were removed to the Superior Court of the county of Suffolk, where the accused renewed a motion which he had interposed in the municipal court to quash the complaint. The grounds assigned in support of this motion were seven in number, and, among other objections, it was substantially asserted that the ordinance violated rights alleged to be secured to the accused by the constitution of the State and by the Fourteenth Amendment to the Constitution of the United States. The motion to quash being overruled and an exception noted, the accused was tried before the court and a jury.

At the trial the government put in evidence the ordinance heretofore referred to, and called the attention of the court to sections 35 and 39 of c. 448 of the acts passed by the legislature of Massachusetts in the year 1854, which sections are as follows:

"Sec. 35. All other powers heretofore by law vested in the town of Boston or in the inhabitants thereof as a municipal corporation, or in the city council of the city of Boston, shall be and hereby are continued to be vested in the mayor, aldermen and common council of the said city, to be exercised by

concurrent vote, each board, as hereby constituted, having a negative upon the proceedings of the other, and the mayor having a veto power as hereinafter provided.

"More especially they shall have power to make all such needful and salutary by-laws and ordinances not inconsistent with the laws of this Commonwealth as towns by the laws of this Commonwealth have power to make and establish, and to annex penalties not exceeding fifty dollars for the breach thereof, which by-laws and ordinances shall take effect and be in force from and after the time therein respectively limited without the sanction or confirmation of any court or other authority whatsoever."

"SEC. 39. The city council shall have the care and superintendence of the public buildings, and the care, custody and management of all the property of the city, with power to lease or sell the same except the common and Faneuil Hall. And the said city council shall have power to purchase property, real or personal, in the name and for the use of the city, whenever its interest or convenience may in their judgment require it."

In behalf of the accused, eleven instructions were requested to be given to the jury, all of which were refused, and exceptions were reserved to such refusal. But one of these requested instructions set up alleged rights under the Constitution of the United States, as follows:

"10. That said ordinance, and the proceedings under said ordinance, and in enforcement thereof, are in conflict with the Constitution of the United States, and the first section of the Fourteenth Amendment thereof; that the power given to the mayor of the city of Boston by said ordinance is in derogation of the rights secured to the defendant by said amendment, and said ordinance is null and void."

There was a verdict of guilty. The exceptions taken during the trial were certified to the Supreme Judicial Court of the Commonwealth, where they were overruled. 162 Mass. 510. The Superior Court sentenced Davis to pay a fine and the costs of the prosecution, and the cause was brought here for review.

*Mr. James F. Pickering* for plaintiff in error submitted on his brief.

*Mr. Hosea M. Knowlton*, Attorney General of Massachusetts, for defendant in error. *Mr. George C. Travis* was on his brief.

Mr. Justice White, after stating the case, delivered the opinion of the court.

In the brief of counsel for plaintiff in error many presumed errors are elaborately discussed, all of which when analyzed rest on the assumption that there was a right in the plaintiff in error to use the common of the city of Boston free from legislative or municipal control or regulation. It is argued that —

"Boston Common is the property of the inhabitants of the city of Boston, and dedicated to the use of the people of that city and the public in many ways, and the preaching of the gospel there has been, from time immemorial to a recent period, one of these ways. For the making of this ordinance in 1862 and its enforcement against preaching since 1885, no reason whatever has been or can be shown."

The record, however, contains no evidence showing the manner in which the ordinance in question had been previously enforced, nor does it include any proof whatever as to the nature of the ownership in the common from which it can be deduced that the plaintiff in error had any particular right to use the common apart from the general enjoyment which he was entitled, as a citizen, to avail of along with others and to the extent only which the law permitted. On the contrary, the legislative act and the ordinance passed in pursuance thereof, previously set out in the statement of facts, show an assumption by the State of control over the common in question. Indeed, the Supreme Judicial Court, in affirming the conviction, placed its conclusion upon the express ground that the common was absolutely under the control of the legislature, which, in the exercise of its

discretion, could limit the use to the extent deemed by it advisable, and could and did delegate to the municipality the power to assert such authority. The court said:

"There is no evidence before us to show that the power of the legislature over the common is less than its power over any other park dedicated to the use of the public or over public streets the legal title to which is in a city or town. *Lincoln* v. *Boston*, 148 Mass. 578, 580. As representative of the public it may and does exercise control over the use which the public may make of such places, and it may and does delegate more or less of such control to the city or town immediately concerned. For the legislature absolutely or conditionally to forbid public speaking in a highway or public park is no more an infringement of the rights of a member of the public than for the owner of a private house to forbid it in his house. When no proprietary right interferes the legislature may end the right of the public to enter upon the public place by putting an end to the dedication to public uses. So it may take the less step of limiting the public use to certain purposes. See Dillon Mun. Corp. secs. 393, 407, 651, 656, 666; *Brooklyn Park Commissioners* v. *Armstrong*, 45 N. Y. 234, 243, 244.

"If the legislature had power under the constitution to pass a law in the form of the present ordinance, there is no doubt that it could authorize the city of Boston to pass the ordinance, and it is settled by the former decision, *Commonwealth* v. *Davis*, 140 Mass. 485, that it has done so."

It is, therefore, conclusively determined there was no right in the plaintiff in error to use the common except in such mode and subject to such regulations as the legislature in its wisdom may have deemed proper to prescribe. The Fourteenth Amendment to the Constitution of the United States does not destroy the power of the States to enact police regulations as to the subjects within their control, *Barbier* v. *Connolly*, 113 U. S. 27, 31; *Minneapolis & St. Louis Railway Co.* v. *Beckwith*, 129 U. S. 26, 29; *Giozza* v. *Tiernan*, 148 U. S. 657; *Jones* v. *Brim*, 165 U. S. 180, 182, and does not have the effect of creating a particular and personal right in the

citizen to use public property in defiance of the constitution and laws of the State.

The assertion that although it be conceded that the power existed in the State or municipality to absolutely control the use of the common, the particular ordinance in question is nevertheless void because arbitrary and unreasonable in that it vests in the mayor the power to determine when he will grant a permit, in truth, whilst admitting on the one hand the power to control, on the other denies its existence. The right to absolutely exclude all right to use, necessarily includes the authority to determine under what circumstances such use may be availed of, as the greater power contains the lesser. The finding of the court of last resort of the State of Massachusetts being that no particular right was possessed by the plaintiff in error to the use of the common, is in reason, therefore, conclusive of the controversy which the record presents, entirely aside from the fact that the power conferred upon the chief executive officer of the city of Boston by the ordinance in question may be fairly claimed to be a mere administrative function vested in the mayor in order to effectuate the purpose for which the common was maintained and by which its use was regulated. *In re Kollock*, 165 U. S. 526, 536, 537. The plaintiff in error cannot avail himself of the right granted by the State and yet obtain exemption from the lawful regulations to which this right on his part was subjected by law.

*Affirmed.*