Hillsborough, }
  June, 1900. }

STATE v. ALDRICH.

The constitution of this state secures to every person within its jurisdiction all the rights guaranteed to citizens of the United States by the fourteenth amendment to the federal constitution.

The statute prohibiting the riding of bicycles on sidewalks by persons over twelve years of age is not in conflict with the state or federal constitution.

APPEAL, from the police court of Manchester. The complaint charged the defendant with riding a bicycle on a sidewalk, contrary to the provisions of section 1, chapter 93, Laws 1897, which provides in substance that no person over twelve years old shall ride a bicycle on a sidewalk. The court denied the defendant's motion to quash the complaint, on the ground that the statute conflicts with the constitution of this state and with the fourteenth amendment to the constitution of the United States, and he excepted.

*James P. Tuttle*, solicitor, for the state.

*David W. Perkins*, for the defendant.

YOUNG, J. The fourteenth amendment to the constitution of the United States confers no rights upon the defendant which he does not possess as a citizen of this state, for our constitution secures to every person within its jurisdiction all the rights guaranteed to citizens of the United States by that amendment. *State* v. *Pennoyer*, 65 N. H. 113.

No person has an absolute right to use for any purpose land acquired for a highway; but as the state holds lands acquired for the

purpose of a highway in trust for the benefit of the public, so its right to legislate in regard to the use of highways is subject to the same limitations as its right to legislate in respect of other public matters; and a statute regulating the public right of travel, to be constitutional, must apply alike to all persons and should be reasonable. *State* v. *Railroad,* 69 N. H. 35, 49.

The fact that every one has an equal right to use the highways does not mean that any person can use all parts of them for all known modes of travel, for the state may lawfully appropriate public property for a particular use, or for the use of a class of its citizens, as land for a public school, or the sidewalks for a class of travelers. When any person may make the same use of a highway as every other person of the same age, sex, and condition, employing the same mode of travel, it is an equal law. *State* v. *Griffin,* 69 N. H. 1, 29. So this statute, which appropriates a part of the highway to the use of pedestrians and children, is not open to the objection that it deprives the defendant of the equal protection of the law, for he has the same right to use any highway in this state that any other person of the same age using the same mode of travel has. A statute, to be objectionable as class legislation, must deny to some privileges which it permits others of the same class to enjoy. *Slaughter-house Cases,* 16 Wall. 36; *Missouri* v. *Lewis,* 101 U. S. 22; *Davis* v. *Massachusetts,* 167 U. S. 43. Unless it can be said as a matter of law that this statute is an unreasonable regulation of the public right to use the highways, the defendant's exception must be overruled.

Highways are used by a great number of people traveling on foot, on bicycles, in wagons, carriages, and street cars, propelled by animals, electricity, and steam; and the problem presented to the legislature was to so regulate this travel that all the different modes could be carried on in the same highway with reasonable safety and despatch. While the regulations which the legislature may lawfully make for effecting this purpose should be reasonable, it will not be necessary to consider under what circumstances, if ever, the court will revise legislative discretion and declare a law void because it is unreasonable. The manifest purpose of this statute was to protect persons on the sidewalks from being injured by the riders of bicycles; and an important fact to be considered on the question of whether the rider was likely to injure such persons was his ability to do so, for it is plain that it would be idle to forbid a person to ride a bicycle on the sidewalk in order to prevent his injuring pedestrians if he was physically incapable of injuring them. While it is clear that little children could not, and that adults could, propel bicycles with sufficient force to inflict serious injuries upon those with whom they come in contact, it is by no

means clear at what age a particular child will acquire such ability to injure pedestrians that it becomes a menace to the public safety for him to ride a bicycle on the sidewalk. So, although this statute makes a child's age and not his ability to inflict injury the test to determine whether or not he may ride a bicycle on the sidewalk, it cannot be said, as a matter of law, that this is an unreasonable regulation of the public right of travel or an arbitrary exercise of legislative power; for it is not a matter of common knowledge that children under twelve years old are able to propel bicycles with sufficient force to cause such injuries as this statute was intended to prevent.

<em>Exception overruled.</em>

PEASLEE, J., did not sit: the others concurred.