# DISTRICT OF COLUMBIA *v.* LEWIS.

---

### POLICE REGULATIONS; DISCHARGE OF FIREARMS.

1. Section 5 of the police regulations of this District, prohibiting the discharge of firearms in the District without a special permit therefor from the superintendent of police, is not invalid as an attempt to delegate legislative powers to the superintendent, but is a reasonable

exercise of the right of municipal authorities to delegate their administrative function to regulate and prohibit. such acts, to the municipal agent whose particular duty it is to look after the public safety.

2. That the discretion committed to the superintendent of police by section 5 of the police regulations of this District, in respect to granting permits to discharge firearms in the District under certain conditions, may be arbitrarily exercised, does not render the regulation unreasonable and therefore invalid.   (Following *Barnes* v. *District of Columbia*, 24 App. D. C. 459.)

No. 1575.  Submitted October 5, 1905.  Decided October 17, 1905.

IN ERROR to the Police Court of the District of Columbia.
*Judgment reversed.*

The facts are sufficiently stated in the opinion.

*Mr. E. H. Thomas*, Corporation Counsel, and *Mr. James Francis Smith*, Assistant, for the plaintiff in error.

*Mr. W. J. Lambert* and *Mr. D. W. Baker* for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

An information in the police court charged the defendant in error, Percy T. Lewis, with the violation of section 5 of the police regulations, which prohibits the discharge of firearms, etc., in the city of Washington "without a special permit therefor from the major and superintendent of police."   To review the judgment quashing the information, on the ground of the invalidity of the regulation, this writ of error has been allowed.

It is not seriously denied that the subject-matter of the prohibition of the discharge of firearms in the city is one reasonably within the police powers conferred upon the municipal authorities, but it is contended that that power was not reasonably and legally exercised in the regulation aforesaid.   The objection to

its validity is founded on the clause which gives the superintendent of police the power to permit the discharge of firearms upon application, without defining the conditions of his exercise of discretion. The contention is that the clause in question is not only an attempt to delegate legislative powers to the superintendent of police, but also to commit the entire matter to his arbitrary discretion.

We are of the opinion that the police court erred in sustaining the objections to the information. The regulation itself contains the prohibition, and delegates no such authority to the superintendent of police. Apprehending that special conditions might arise which could not reasonably be anticipated and provided for, under which it would be reasonable and expedient to permit the discharge of firearms and other explosives, special power of permission thereof to meet such contingencies was delegated to the municipal agent whose particular duty it is to look after the public security. The general power of regulation and prohibition included the power to determine under what conditions the prohibited act might be permitted, and this power of permission was an administrative function delegated to the superintendent of police to effectuate the purpose of the regulation. *Davis* v. *Massachusetts,* 167 U. S. 43, 48, 42 L. ed. 71, 72, 17 Sup. Ct. Rep. 731. In that case an ordinance of the city of Boston, which prohibited public speaking upon the common except by permission of the mayor, was upheld as a reasonable exercise of the police power conferred upon the municipality.

That the discretion committed to the superintendent of police in respect of granting permission to discharge firearms under certain conditions of necessity or expediency apparent to him might, in instances, be arbitrarily exercised, does not render the regulation unreasonable and therefore invalid. *Barnes* v. *District of Columbia,* 24 App. D. C. 459, 460.

It follows that the judgment must be reversed with costs, and the cause remanded with direction to overrule the motion to quash the information and to proceed with the trial in a manner not inconsistent with this opinion.                    *Reversed.*