[No. 7202. Decided October 15, 1908.]

THE CITY OF SPOKANE, *Appellant*, v. R. O. CAMP, *Respondent*.[1]

LIVERY STABLE KEEPERS — RESTRICTIONS — CONSENT OF PROPERTY OWNERS—ORDINANCE—DEFINITENESS. An ordinance prohibiting the keeping of a livery stable in any block in which two-thirds of the buildings are residences, "within two hundred feet of any such residence on either side of the street," unless owners of a majority of the lots "in such block" consent, is not void for indefiniteness as to the blocks to be considered in determining the number of the residences; as it is clear that consent is to be obtained of the owners of the block in which the stable is to be located.

SAME—VALIDITY—MUNICIPAL CORPORATIONS— ORDINANCES — DELEGATION OF LEGISLATIVE POWERS. An ordinance prohibiting the keeping of a livery stable in a block in which two-thirds of the buildings are used for residence purposes, unless the owners of a majority of the lots in such block consent thereto, is not an unlawful delegation of the legislative powers of the city council.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered August 26, 1907, upon appeal from a municipal court, dismissing a prosecution for the violation of an ordinance restricting the keeping of livery stables. Reversed.

*L. R. Hamblen, F. D. Allen*, and *Harry A. Rhodes*, for appellant, cited: *Leger v. Rice*. Fed. Cas. No. 8,210; *Robinson v. Bidwell*, 22 Cal. 379; *Guild v. Chicago*, 82 Ill. 472; *Lytle v. May*, 49 Iowa 224; *Clarke v. Rogers*, 81 Ky. 43; *Wales v.*

[1]Reported in 97 Pac. 770.

*Belcher,* 3 Pick. 508; *State v. Pond,* 93 Mo. 606, 6 S. W. 469; *State v. Noyes,* 30 N. H. 279; *State v. Board of Chosen Freeholders,* 51 N. J. L. 454, 18 Atl. 117; *Grant v. Courter,* 24 Barb. 232; *Smith v. McCarthy,* 56 Pa. St. 359; *State v. Copeland,* 3 R. I. 33; *Louisville & N. R. Co. v. County Court of Davidson,* 33 Tenn. 637, 62 Am. Dec. 424; *State v. Parker,* 26 Vt. 357; *Rutter & Co. v. Sullivan,* 25 W. Va. 427; *Smith v. Janesville,* 26 Wis. 291; *Boyd v. Bryant,* 35 Ark. 69, 37 Am. Rep. 6; *Haney v. Commissioners of Bartow County,* 91 Ga. 770, 18 S. E. 28; *State v. New Haven & N. Co.,* 43 Conn. 351; *Meyers v. Baker,* 120 Ill. 567, 12 N. E. 79, 60 Am. Rep. 580; *Walton v. Greenwood,* 60 Me. 356; *In re Thirty-fourth St. R. Co.,* 102 N. Y. 343, 7 N. E. 172; *In re Flaherty,* 105 Cal. 558, 38 Pac. 981, 27 L. R. A. 529; *State v. Barringer,* 110 N. C. 525, 14 S. E. 781; *Aurora v. United States,* 11 U. S. 382, 3 L. Ed. 378; *Ingram v. State,* 39 Ala. 247, 84 Am. Dec. 782; *Ex parte McNulty,* 77 Cal. 164, 19 Pac. 237, 11 Am. St. 257; *Hildreth v. Crawford,* 65 Iowa 339, 21 N. W. 667; *Chicago v. Stratton,* 162 Ill. 494, 44 N. E. 853, 53 Am. St. 325, 35 L. R. A. 84.

*John M. Gleeson,* for respondent, cited: *St. Louis v. Russell,* 116 Mo. 248, 22 S. W. 470, 20 L. R. A. 721; *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; *County of Los Angeles v. Hollywood Cemetery Ass'n,* 124 Cal. 344, 57 Pac. 153, 71 Am. St. 75; *In re Frazee,* 63 Mich. 396, 30 N. W. 72, 6 Am. St. 310; *Smiley v. MacDonald,* 42 Neb. 5, 60 N. W. 355, 47 Am. St. 684, 27 L. R. A. 540; *State v. Tenant,* 110 N. C. 609, 14 S. E. 387, 28 Am. St. 715, 15 L. R. A. 423; *State v. Kuntz,* 47 La. Ann. 106, 16 South. 651; *Mayor of Baltimore v. Radecke,* 49 Md. 217, 33 Am. Rep. 239; *State ex rel. McMonies v. McMonies* (Neb.), 106 N. W. 454; *In re Hauck,* 70 Mich. 396, 38 N. W. 269; *Cantril v. Sainer,* 59 Iowa 26, 12 N. W. 753; *Sioux Falls v. Kirby,* 6 S. D. 62, 60 N. W. 156, 25 L. R. A. 621; *State v. Mahner,* 43 La. Ann. 496, 9 South. 480; *Ex parte Sing Lee,* 96

Cal. 354, 31 Pac. 245, 31 Am. St. 218, 24 L. R. A. 195; *Austin v. Murray*, 16 Pick. 121; *In re Quong Woo*, 13 Fed. 229; *McGregor v. Lovington*, 48 Ill. App. 211; *State v. Dubarry*, 44 La. Ann. 1117, 11 South. 718; *Day v. Green*, 4 Cush. 433; *State ex rel. Omaha Gas Co. v. Withnell* (Neb.), 110 N. W. 680, 8 L. R. A. (N. S.), 978; 21 Am. & Eng. Ency. Law (2d ed.), 992, 4 Supp. 302; McQuillin, Municipal Ordinances, §§ 86, 88, 415, 416; 2 Abbott, Municipal Corporations, pp. 1346, 1347, § 537; and the authorities cited therein in note 268, p. 1347; 25 Cyc. 1506.

DUNBAR, J.—The defendant, respondent on this appeal, was convicted before the municipal court of the city of Spokane for violating Ordinance No. A2919. Appeal was taken to the superior court of Spokane county; whereupon defendant moved to dismiss the cause and discharge the bondsmen and himself. This motion was granted by the court. Judgment of dismissal was entered, and the city appeals.

The sole question involved is the validity of the ordinance, it having been adjudged void and of no effect by the trial court. The ordinance is as follows:

"Section 1. It shall be unlawful for any person, firm or corporation to locate, build, construct or keep in any block in which two-thirds of the buildings are devoted to exclusive residence purposes a livery, boarding or sale stable, or private stable where more than five head of stock are kept, within two hundred feet of any such residence on either side of the street, unless the owners of a majority of the lots in such block fronting or abutting on the street consent in writing to the location or construction of such livery, boarding or sale stable, or private stable where more than five head of stock are kept. Such written consent of the property owners shall be filed with the Board of Public Works before a permit shall be granted for the construction or keeping of such livery, boarding or sale stable, or private stable where more than five head of stock are kept.

"Section 2. Any person, firm or corporation violating any of the provisions of this ordinance shall be deemed guilty of

a misdemeanor, and shall be fined in any sum not less than Fifty Dollars nor more than One Hundred Dollars.

"Section 3. This ordinance shall take effect and be in force ten days after its passage."

It is contended by the respondent that the ordinance is void for uncertainty, the language being so ambiguous that it cannot be ascertained how many blocks would have to be considered in determining the number of residences in a block. But it seems to us that this difficulty is more imaginary than real, and that there can be no doubt that consent must be obtained from the owners of the block in which the livery stable is actually located.

The other objections, with one exception, simply go to the policy of the ordinance, and embrace arguments which would more appropriately be addressed to the law making power. The exception mentioned above is that the ordinance constitutes a delegation of legislative power to the property owners of the city of Spokane, which is exclusively vested by law in the mayor and city council. This is really the important and vexatious question in the case—important because it involves a fundamental principle of government, and vexatious because there is a bewildering conflict of authority which it is impossible to reconcile, so that a review of the authorities would avail nothing.

Out of the wilderness of cases discussing this proposition, *St. Louis v. Russell*, 116 Mo. 248, 22 S. W. 470, and *State ex rel Omaha Gas Co. v. Withnell* (Neb.), 110 N. W. 680, are leading cases restricting the delegation of legislative powers; while *Chicago v. Stratton*, 162 Ill. 494, 44 N. E. 853, *Davis v. Commonwealth*, 167 U. S. 43, 17 Sup. Ct. 731, 42 L. Ed. 71, and *Wilson v. Eureka City*, 173 U. S. 32, 19 Sup. Ct. 317, 43 L. Ed. 603, lay down a rule which would sustain the ordinance in question. Indeed, *Chicago v. Stratton* was a livery stable case, and the ordinance sustained in that case was in all essentials similar to the ordinance assailed in this case. In that case the court held that the ordinance

did not delegate to a majority of the lot owners a right to pass upon the question presented, but that consent was in the nature of a condition subsequent which might defeat the operation of the prohibition against the location of a livery stable in a block where two-thirds of the buildings are devoted exclusively to residence purposes. The court stated in the course of its argument that, in a matter of purely local concern, the parties immediately interested may fairly be supposed to be more competent to judge of their needs than any central authority. In this case it may readily be seen that the council, recognizing the rights of the residents of the city to be consulted in matters purely local, matters affecting the comfort and even the health of the residents, and the right to have their will reflected in the enactments of their representatives, provided the ordinance for the purpose of meeting the desires of the residents in that regard. The ordinance is prohibitive, but leaves the right to the citizen to waive the prohibition if he chooses. Statutes of this character are common, and while it is generally conceded that the legislature cannot delegate its legislative function, it is well established that it may provide for the operation of a law which it enacts upon the happening of some future act or contingency. The local option laws in their various phases are common instances. While these laws were violently assailed, and in some instances received judicial condemnation, they are now almost universally sustained.

The ordinance in our judgment being a valid one, the judgment is reversed, and the cause remanded to the lower court with instructions to overrule the demurrer and motion interposed by the respondent, and to proceed with the trial of the cause in accordance with the opinion herein expressed.

HADLEY, C. J., CROW, MOUNT, and ROOT, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.