————o————

No. 4646.

Court of Appeal, Parish of Orleans.

STATE OF LOUISIANA EX REL LAND DEVELOPMENT CO., OF LOUISIANA, LTD., ET AL., VS. HON. FRED D. KING, JUDGE, ET AL.

1. The mandate of prohibition issues to Courts which exceed the bounds of their jurisdiction and never, in civil matters at least, for the purpose of reviewing the rules, or orders, decrees or judgments— whether interlocutory or final—and however erroneous they may be, made by a Court in a cause pending before it and of which it has jurisdiction.

2. If there be error in the Court's action in these particulars and the cause be appealable, the acts complained of may be reviewed and the error corrected on appeal.

Application for writs of Certiorari and Prohibition.

Theo. Cotonio, for Relator.

MOORE, J. This is an application for write of certiorari and prohibition.

The relators charge, substantially, that in two suits, both of which are within the appellate jurisdiction of this Court and wherein the State National Bank, in liquidation, is plaintiff and relators are defendants and which suits are pending in the Civil District Court for the Parish of Orleans and were allotted to Division "B" thereof, they filed, on the 23rd day of November, 1908, exceptions of want of proper parties and of no cause

—72—

of action and that thereupon and on the same day the Judge of said Court without motion to that effect being made, and without notice to them of the previous fixings of said exceptions, overruled said exceptions as frivolous and, without notice to their counsel that the exceptions were overruled, at once proceeded to enter a judgment by default against them in each of said suits, contrary to the rule of said Court which provided that frivolous exceptions may be overruled by the Judge only on *ex parte* motions; that no default may be taken after such overruling until after notice thereof to the counsel of the party filing the exceptions and that in no case may a default be taken after the exceptions are overruled until the opening of the Court on the following day.

A *rule nisi* having issued on the Judge of said Court to show cause why the writs prayed for should not issue, he made return thereto, substantially, as follows: That the two suits referred to by relators are civil actions to recover amounts claimed to be due by the relators on certificates for paving issued against them by the public officials of the city of New Orleans and are respectively for amounts within the jurisdiction of the Civil District Court and within the appellate jurisdiction of this Court. That on the 28th day of October, 1908, relators filed certain exceptions to plaintiffs petition, which exceptions were duly set for trial for November 6th, 1908, were duly taken up on that day and were overruled. That hereafter, to-wit, on the 9th of November, 1908, the defendants in said suits, relators here, filed further exceptions which, together with a prayer for oyer filed by them and a rule filed by the plaintiff in said suit to dismiss the prayer for oyer, were duly and regularly set down for trial for November 20th, 1908, and were on that day regularly called and heard in open Court. That he, (the respondent Judge), considered that the exceptions to be of the same tenor and effect as those filed on the 28th, October, 1908, and he, thereupon, overruled same, dismissed the prayer for oyer and made absolute the rule, with special reservation, however, of the right of the defendants in said suits "to urge such objection to the introduction of evidence as said defendants may deem proper when the cases are heard on their merit," as well as the right to require at that time, the production of certain papers and documents for which oyer had been prayed. That

—73—

thereupon the counsel for the said defendants (relators) in open Court on said 20th November, 1908, suggested to the Court that he, the counsel, would file other exceptions, whereupon the respondent Judge admonished counsel that he must not file frivolous exceptions and advised him that if he did they would be immediately overruled. That subsequently, to-wit: on the 23rd day of November, 1908, the relators (defendants in said cases) filed further exceptions to the effect, first that: ''There are no proper plaintiffs before the Court'' and second: ''That plaintiff's petition discloses no cause or right of action against the defendant.'' That ''being moved thereto by counsel for plaintiff and the matter of the exceptions filed November 23hr, being called to his attention and the Court *ex proprio motu*, considering that the exceptions on their face and taken in connection with all the prior exceptions theretofore filed, were frivolous, ordered same to be overruled and thereupon, upon motion of plaintiff's counsel, ordered a judgment by default against the defendants to be entered on the minutes of the Court.'' That when the judgment overruling the exceptions filed on the 23rd November, 1908, was made and entered, relator's counsel was present in open Court, or came in shortly thereafter and at once notified respondent that he intended to apply for writs of prohibition and certiorari.

That no attempt whatsoever was made by the relators in the District Court to have the errors complained of—if errors there be—corrected and finally that in no event can the action of the respondent Judge in the particulars charged, be reviewed by means of the writs applied for.

It will be perceived that the sole basis for the instant application is—in effect—that in two certain causes pending in his Court and confessedly within his jurisdiction, both *ratione materia et personae*, and which are appealable to this Court, the Judge of the Civil District Court for the Parish of Orleans, Division ''B,'' made and entered two interlocutory judgments or orders, contrary to law and the established rules of his Court.

It may be conceded, for the purpose of this application, that the lower Judge did err in the instance complained of, yet it is clear that the errors, if they be such, and about which we do not and may not, in this proceeding express any opinion, can-

not be reviewed by means of the extraordinary writs applied for.

The purpose of the writ of prohibition is to forbid the Judge of any inferior tribunal from proceeding further in a cause *over which it has no jurisdiction,* C. P. 845 et seq.

If a Court has not transcended its jurisdiction and the cause pending before it be appealable, the ruling of the Judge, as well as his orders, decrees and judgments, whether they be interlocutory or final, however erroneous they may be, can be reviewed by appeal. State ex rel Shaw vs. Judge, 47 A. 602; State ex rel Follet vs. Judge, 32 A. 1182; State ex rel Keplinger vs. Judge, etc., 48 A. 1348; Martel vs. Jennings, etc., 115 An. 615.'

As we have stated, the Court before which the two suits referred to by the applicant are pending, is competent to decide them and as the cases are appealable, the relators have an adequate remedy by appeal and are, therefore, not entitled to the interposition of the prohibitive authority of this Court.

It is therefore ordered, adjudged and decreed, that the temporary restraining order issued herein be recalled; the rule nisi discharged; the writs applied for denied and the application of relators dismissed at their costs.