**SULLIVAN v. SHAW, Mayor, et al.**
**No. 150-C.**

District Court, S. D. California, Central Division.

Feb. 23, 1934.

A. L. Wirin, of Los Angeles, Cal., for plaintiff.

Ray L. Chesebro, City Atty., and John L. Bland, Deputy City Atty., both of Los Angeles, Cal., for defendants.

COSGRAVE, District Judge.

At the instance of plaintiffs, an order was issued requiring the mayor, chief of police, and city council of Los Angeles to show cause why they should not be enjoined from interfering with a parade by the members of the United Front Conference Against Hunger which they propose to hold on May 1, 1934.

The United Front Conference Against Hunger is a voluntary association with a membership of 60,000. They propose to parade over the principal streets of the city in protest against hunger and starvation of workers; to expose the extent of suffering and hunger; and to secure relief and redress of grievances from the public authorities. Application for permit to parade was made to the city council and by that body denied, and plaintiffs allege that such action was because of their political and economic views. The petition refers to previous similar applications made by it, one of which shows a purpose to withdraw children from the public schools to join in the proposed parade. The petition further sets forth the action of the city council in granting permission for similar parades by other bodies, and claims that the refusal of the city authorities to allow the parade is unlawful interference with freedom of speech, freedom of assemblage, and a denial of the equal protection of the law enjoyed under the Constitution of the United States.

Responsive to the order to show cause, defendants by their answer admit the refusal of the application of the permit, deny that their action was based upon disapproval of the political and economic views of the plaintiffs; that their action was taken to prevent undue interference with traffic, in the interests of public order; and that such parade would be provocative of disorder and riot.

■ The ordinance under which the city council acted designates a certain portion of the city, which includes the streets upon which plaintiffs desire to parade, over which parades and processions may not pass without a permit from the city council. Such regulation is a very common example of the exercise of police power and there is nothing peculiar in such an ordinance in any city of considerable size. The enactment by states of police regulations as to subjects within their control is not a denial of the rights guaranteed by the Fourteenth Amendment to the Federal Constitution. Davis v. Commonwealth of Massachusetts, 167 U. S. 43, 17 S. Ct. 731, 42 L. Ed. 71.

■ The power to grant or refuse permits must, however, be exercised without discrimination. A permit to parade may not be granted to one and refused to another under similar circumstances. Time, circumstance, and occasion, however, properly enter into the decision of the city council. That body might well consider seriously the granting of a permit for a parade of 60,000 people, or any considerable fraction of that number, including an indefinite number of children withdrawn from public schools, through the main business streets of the city, necessarily loosely organized, not responsive to or amenable to the discipline that should attend such

a demonstration and with possible incitation to riot and disorder.

■■ With the political or economic opinions of the United Front Conference Against Hunger neither the city council nor the court has anything to do. The city council may, however, examine all the circumstances attending such applications, and if there appears a reasonable basis for its action, such action is conclusive. It does not matter that the court might differ from its conclusions. Under the circumstances here presented, the city council exercised a reasonable discretion in the refusal of the permit.

Application for mandatory injunction should therefore be denied, and it is so ordered. Exception to plaintiffs with respect to this order.