CITY OF EAST LANSING *v.* SMITH.

MUNICIPAL CORPORATIONS — ZONING ORDINANCES — CONSTITUTIONAL LAW—CONSENT OF NEARBY PROPERTY OWNERS—GASOLINE FILLING STATION.

> Zoning ordinance containing requirement that before premises in retail district in residential area in which defendants' property is located could be used for gasoline filling station purposes, there must be filed with building inspector written consent of 60 per cent. of property owners within given radius to so use the property *held*, to entitle municipal corporation to permanent injunction restraining defendants who failed to file such consent or obtain building permit since the ordinance is not unconstitutional as an illegal delegation of legislative power or an arbitrary deprivation of defendants' property rights, the consents being treated as waiver of restriction which legislative authority had itself created (U. S. Const. Am. 14; 1 Comp. Laws 1929, §§ 2633, 2641; East Lansing Zoning Ordinance, § 6 [17]).

WIEST, BUTZEL and BUSHNELL, JJ., dissenting.

Appeal from Ingham; Carr (Leland W.), J.   Submitted April 21, 1936.   (Docket No. 145, Calendar No. 38,800.)   Decided November 9, 1936.

Bill by the City of East Lansing against Harry Irving Smith and wife to restrain the erection of a gasoline filling station.   Decree for plaintiff.   Defendants appeal.   Affirmed.

*Harry D. Hubbard,* City Attorney, for plaintiff.

*Greene & Bird,* for defendants.

SHARPE, J.   Defendants own a piece of property in the city of East Lansing on the corner of Grand

River avenue and Bailey street across from the campus of Michigan State College. On June 29, 1935, defendants commenced building a filling station on their property without first obtaining a building permit. On July 3, 1935, plaintiff secured a temporary injunction against defendants and now brings this action to permanently enjoin them from proceeding with the construction of a filling station in violation of the zoning ordinance of the city.

The property comes within zone "D" of the zoning ordinance of the city of East Lansing which provides that:

"Sec. 6. 'D' retail district.

"In the 'D' retail district all buildings and premises except as otherwise provided in this ordinance may be used for any purpose permitted in the 'C' multiple dwelling district or for any other use except the following: * * *

"17. Gasoline filling stations or any public station where oil or fuel of any kind is sold and dispensed for propelling motor vehicles: Provided, that before a permit is issued to build, occupy or construct a public gasoline, oil, or motor fuel filling station, or either of them, to supply motor vehicles on any site where 80 per cent. of the buildings within a radius of 400 feet of any part of the proposed site are used exclusively for residence purposes, there are on file in the office of the building inspector the written consent of 60 per cent. of the property owners according to total frontage on any public street within a radius of 400 feet of any part of the premises whereon this gasoline filling station is to be occupied or constructed and not separated therefrom by more than one street or one alley and the location and plans have been submitted to and approved by the board of appeals created by this ordinance."

It is conceded by the defendants that they did not file in the office of the building inspector the written

consent of 60 per cent. of the property owners according to the total frontage on any public street within a radius of 400 feet, nor did they secure a building permit as required by the ordinance.

After a hearing in which evidence was taken the trial court granted plaintiff a permanent injunction. Defendants appeal and contend that the above zoning ordinance of the city of East Lansing is unconstitutional because it deprives the defendants of their property without due process of law in that it is arbitrary and discriminatory and is a delegation of legislative and judicial powers to city officials.*

The ordinance above referred to was enacted pursuant to Act No. 207, Pub. Acts 1921 (1 Comp. Laws 1929, §§ 2633–2641). This act empowers municipalities to enact ordinances of the character of the one in issue. We do not think the ordinance is unconstitutional. In *Harrigan & Reid Co.* v. *Burton,* 224 Mich. 564, 569 (33 A. L. R. 142), we said:

"The generally accepted rule is that a presumption prevails in favor of the reasonableness and validity in all particulars of a municipal ordinance unless the contrary is shown by competent evidence, or appears on the face of the enactment."

One of the specific claims made against the constitutionality of the ordinance is that the board of appeals may reject or approve the application for a permit, but it is presumed that such a board of appeals will act fairly, with reason, and not arbitrarily. It was said in *Merrick* v. *N. W. Halsey & Co.,* 242 U. S. 568, 590 (37 Sup. Ct. 227), in discussing a similar question:

"The contentions based on the exemption and provision are a part of that which accuses the law of conferring arbitrary discretion upon the commission and committing to its will the existence or extinction

---

* See U. S. Const. Am. 14.—REPORTER.

of the business. The accusation is formidable in words but it is the same that has been made many times. * * * We repeat, there is a presumption against wanton action by the commission, and if there should be such disregard of duty a remedy in the courts is explicitly given, and if it were not given it would necessarily be implied.''

However, in the instant case defendants have no specific complaint to make against the board of appeals as their application was not properly before the board for its consideration by reason of their failure to secure the required number of signatures of property owners as required by the ordinance.

We quote from 43 C. J. p. 348:

''When applicant complies with all the requirements for a building permit and the permit is refused, he may invoke the aid of the court to prevent the unreasonable refusal and to compel the granting of the necessary permits, regardless of whether provision is made for such remedy in a statute or ordinance.''

It is next said that the ordinance is invalid in that there is a delegation of legislative and judicial power to city officials.

As is said in 6 R. C. L. p. 179:

''There are no constitutional objections arising out of the doctrine of the separation of the powers of government to the creation of administrative boards empowered within certain limits to adopt rules and regulations, and authorizing them to see that the legislative will expressed in statutory form is carried out by the persons or corporations over whom such board may be given administrative power. Boards and commissions of this character do not exercise any of the powers delegated to the legislature. They do not make any laws. They

merely find the existence of certain facts, and to these findings of fact the law enacted by the legislature is applied and enforced. As in the case of other executive officers administrative boards may be given the power to perfect the details of a plan the general outlines of which have been laid down in a statute of the legislature."

In the case at bar the purpose of the ordinance is in the main the promotion of the general welfare of the citizens of East Lansing. Such powers as may be found in the ordinance must necessarily vest in some person or persons whose duty it is to interpret the provisions of the ordinance in connection with their finding of facts in each case that may be presented to them. They do not legislate. They merely apply the provisions of the ordinance to the finding of facts. Their duties are purely administrative.

From an analysis of section 6 of the ordinance we find that it provides for the prohibition of certain uses such as gasoline filling stations, it also provides that special permits may be issued upon two conditions: namely, the consent of certain property owners and the approval of the board of appeals.

"If there be any rule that may be pronounced, it is that if the action of the property owners has the effect of legislation, then it is deemed to fall within the forbidden delegation of legislative power.

"On the other hand, if the consents are used for no greater purpose than to *waive* a restriction which the legislative authority itself has created and in which creation it has made provision for waiver, then such consents are generally regarded as being within constitutional limitations." Metzenbaum, The Law of Zoning, p. 277.

We do not pass upon the constitutionality of the fire zone ordinance of the city of East Lansing as

there was no relief granted to plaintiff by virtue of any of its provisions.

The decree of the lower court is affirmed. Plaintiff may recover costs.

FEAD, J., concurred with SHARPE, J.

NORTH, C. J. I concur in affirmance. Mr. Justice WIEST in writing for reversal states:

"The ordinance recognizes that a gasoline station on the property *will not offend against public health, safety, morals or general welfare* in that it provides for a permit to so use the property if such use is consented to by a percentage of neighboring property owners."

If the above interpretation of the terms of the ordinance were correct, I would agree with my brother that the ordinance is void. But I do not so understand the provisions of the ordinance.

First. I cannot agree that "the ordinance recognizes" that a gasoline station located on the property in question "will not offend against public health, safety, morals or general welfare." Instead the ordinance plainly leaves the determination of that question to a properly constituted board. After a petition, accompanied by the required written consent of other property owners, is filed the constituted authority will then pass upon the question as to whether this proposed gasoline station will endanger public health, safety or general welfare; and in the light of such determination the permit will be granted or denied as the case may be.

Second. Nor do I understand that the ordinance provides that "a permit to so use the property *if such use is consented to by a percentage of the neighboring property owners*" must be granted. Instead the ordinance requires as a condition precedent to the submission and consideration of the applica-

tion for a permit that the consent of the required percentage of neighboring property owners shall have been filed in the office of the building inspector. Notwithstanding the required consents are filed, the permit may still be denied if the board finds the location or plan of the gasoline station endangers public safety, health or welfare.

If the ordinance provisions are so construed they are not in that particular invalid on the ground of illegal delegation of legislative powers or that they arbitrarily deprive the owner of his property rights. Instead, under the test quoted in Mr. Justice SHARPE's opinion from Metzenbaum's "The Law of Zoning," at page 277, such provisions are valid.

The opinion of Mr. Justice WIEST quotes and is largely based upon *Washington, ex rel. Seattle Title Trust Co.,* v. *Roberge,* 278 U. S. 116 (49 Sup. Ct. 50, 86 A. L. R. 654). It is noted that the cited decision reverses the supreme court of the State of Washington in the same case reported in 144 Wash. 74 (256 Pac. 781). But I do not understand reversal was on the ground that the ordinance reviewed was invalid *in toto* because it attempted an unlawful delegation of legislative power, nor on the ground that such an ordinance could not be made to apply to a gasoline station as being a type of business which is within the police power to regulate, the activity being one which, depending on circumstances, may or may not be detrimental to public health, welfare or safety. Instead the cited decision of the supreme court of the United States is on the ground that in the particular zone the building and conducting of a home for aged people was not a matter which was or could be violative of the right of neighboring property owners in the protection of their health, safety, morals or general welfare. Therefore, the ordinance provisions were not applicable to the use of

property as a home for aged people because under the circumstances it was not properly a subject of police regulation. We quote from the court's opinion:

"It is not suggested that the proposed new home for aged poor would be a nuisance. We find nothing in the record reasonably tending to show that its construction or maintenance is liable to work an injury, inconvenience or annoyance to the community, the district or any person. The facts shown clearly distinguish the proposed building and use from such billboards or other uses which by reason of their nature are liable to be offensive."

The billboard case referred to in the above quotation is *Thomas Cusack Co.* v. *City of Chicago,* 242 U. S. 526 (37 Sup. Ct. 190, L. R. A. 1918 A, 136, Ann. Cas. 1917 C, 594). This decision of the Federal supreme court sustains the validity of an ordinance which in its general pertinent provisions is like the East Lansing ordinance involved in the instant case. The necessary inference is that the supreme court of the United States would sustain an ordinance provision such as we now have under consideration, notwithstanding its decision based entirely on other grounds in the *Roberge Case.*

The supreme court of Pennsylvania has sustained an ordinance of the type here under consideration as applicable to a gasoline station. In its opinion the Pennsylvania court comments on the United States supreme court's decisions in the *Roberge Case* and in the *Cusack Case,* and arrives at the conclusion that an ordinance of the type involved in the instant case is not invalid. *Perrin's Appeal,* 305 Pa. 42 (156 Atl. 305, 79 A. L. R. 912).

The decree of the circuit court is affirmed, with costs to appellee.

Toy, J., concurred with NORTH, C. J.

WIEST, J. (*dissenting*). I think the ordinance void in the particular here involved.

It may be that defendants should have sought relief by writ of mandamus but, be that as it may, we have the question of the validity of the ordinance in the case. The ordinance recognizes that a gasoline station on the property will not offend against the public health, safety, morals or general welfare in that it provides for a permit to so use the property if such use is consented to by a percentage of neighboring property owners. Act No. 207, Pub. Acts 1921 (1 Comp. Laws 1929, §§ 2633–2641) affords no warrant for this requirement in the ordinance and if it did it would be void.

An owner's use of his property for a purpose not injurious to public health, safety, morals or general welfare cannot be subjected to the will of neighboring property owners.

The learned circuit judge, in an opinion sustaining the ordinance requirement of the written consent of neighboring property owners, cited *City of Spokane* v. *Camp,* 50 Wash. 554 (97 Pac. 770, 126 Am. St. Rep. 913). The Washington court, in *State, ex rel. Seattle Title Trust Co.,* v. *Roberge,* 144 Wash. 74 (256 Pac. 781), also cited that case as authority for holding such a requirement valid, but that holding was reversed upon review in *Washington, ex rel. Seattle Title Trust Co.,* v. *Roberge,* 278 U. S. 116 (49 Sup. Ct. 50, 86 A. L. R. 654).

We quote the following applicable language from the opinion of the supreme court of the United States:

"The facts disclosed by the record make it clear that the exclusion of the new home from the first district is not indispensable to the general zoning plan. And there is no legislative determination that the proposed building and use would be inconsistent

with public health, safety, morals or general welfare. The enactment itself plainly implies the contrary. The grant of permission for such building and use, although purporting to be subject to such consents, shows that the legislative body found that the construction and maintenance of the new home was in harmony with the public interest and with the general scope and plan of the zoning ordinance. The section purports to give the owners of less than one-half the land within 400 feet of the proposed building authority—uncontrolled by any standard or rule prescribed by legislative action—to prevent the trustee from using its land for the proposed home. The superintendent is bound by the decision or inaction of such owners. There is no provision for review under the ordinance; their failure to give consent is final. They are not bound by any official duty, but are free to withhold consent for selfish reasons or arbitrarily and may subject the trustee to their will or caprice. *Yick Wo* v. *Hopkins,* 118 U. S. 356, 366, 368 (6 Sup. Ct. 1064). The delegation of power so attempted is repugnant to the due process clause of the fourteenth amendment. *Eubank* v. *City of Richmond,* 226 U. S. 137, 143 (33 Sup. Ct. 76, 42 L. R. A. [N. S.] 1123, Ann. Cas. 1914 B, 192) ; *Browning* v. *Hooper,* 269 U. S. 396 (46 Sup. Ct. 141).''

It must be remembered that the ordinance does not establish a zoning district excluding the proposed gasoline station, but authorizes a permit to so construct the building if 60 per cent. of neighboring property holders consent thereto.

I think the bill should be dismissed, with costs to defendants.

BUTZEL and BUSHNELL, JJ., concurred with WIEST, J. POTTER, J., took no part in this decision.