## STATE *vs.* ARAM K. CONRAGAN *et al.*

JUNE 18, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This case is before us for the determination of constitutional questions certified to this court under the provisions of general laws 1923, chapter 348.

These four defendants were indicted for conspiracy. The indictment charges that the defendants "did conspire together to operate a school of hairdressing and cosmetic therapy, known as the La May Academy of Applied Beauty Culture, which was not approved by the Department of Public Health, in violation of the provisions of section 16, of Chapter 765, of. the Public Laws of Rhode Island, 1926, as amended by Chapter 2362 of the Public Laws of Rhode Island, 1936, particular reference being had to 'Clause C' of said Section 16, as enacted at the January Session, 1936, of the Rhode Island General Assembly." Three of the defendants, Conragan, Gosdame and McLee, moved to quash the indictment, claiming that the statute in question is unconstitutional. The constitutional questions thus raised were then certified to this court for determination.

Public laws 1926, chap. 765, as amended by P. L. 1936, chap. 2362, with which we are here concerned, will be hereafter referred to as "the statute" and the department of public health as "the department", unless otherwise specifically indicated. The defendants question the constitutionality of the statute upon the following grounds. (1) The statute is in violation of art. XIV, section 1, of the amendments to the constitution of the United States, in that it denies them the equal protection of the law and deprives them of liberty and property without due process of law. (2) The statute is in violation of art. I, sec. 10 of the constitution of Rhode Island, in that it deprives them of liberty and property contrary to the law of the land. (3) It is in violation of art. III of the state constitution, in that

it attempts to give the department arbitrary legislative and judicial power.

The statute, as amended, prohibits the practice of hairdressing and cosmetic therapy for hire and reward, except by classified and licensed operators, in licensed places under the direct supervision of licensed hairdressers and cosmeticians. The power to license is placed in the department. To obtain an operator's license, the applicant, among other requirements, must have satisfactorily completed a course of instruction in a school of hairdressing and cosmetic therapy approved by the department, or in lieu thereof must have had a total experience as an apprentice of fifteen hundred hours distributed over a period of at least twelve months.

In this case it is necessary to consider only the pertinent parts of secs. 4, 11 and 12 of the amending statute. Section 4, after setting out in general terms the nature and extent of the instruction required from a school, before it can be approved by the department, provides that: "No school of hairdressing and cosmetic therapy shall be an approved school until approval shall be recorded in the records of said department of public health and until it shall receive a certificate of approval issued by said department. The fee for such certificate shall be seventy-five dollars. Any certificate of approval issued by said department to any school shall be good for one year from the date when issued, unless sooner revoked. Said certificate may, so long as such school continues to meet the approval of said board, be renewed from year to year upon payment of a fee of seventy-five dollars for each renewal. The department may revoke any such certificate at any time for cause; *provided, however,* that before any such certificate is revoked notice shall be given to such school of said proposed action in order that said school may have an opportunity to be heard." Section 11 provides that: "Any person aggrieved by any order or decision of said department may, within thirty days, exclusive of Sundays and legal holidays,

after receiving notice of said decision appeal therefrom to the superior court for the county in which such person resides or does business or to the superior court for the counties of Providence and Bristol. Said appeal shall follow the course of equity so far as the same is applicable." Section 12, clause C. provides that: "Any person, firm, association or corporation operating a school of hairdressing and cosmetic therapy which is not duly approved by said department of public health shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than two hundred dollars."

The record before us shows that on July 15, 1935, the department issued a certificate of approval to the defendant Conragan for a school of hairdressing and cosmetic therapy, and that Conragan conducted such a school under the name of La May Academy of Applied Beauty Culture, as owner thereof, at 357 Westminster street, in Providence, from and after said date. He applied for a renewal of the certificate of approval on or about June 29, 1936, and paid to the department the required fee of seventy-five dollars for such renewal. On July 9, 1936, he was notified by the department that his application for renewal was rejected and that the school must cease to operate after July 15, 1936, or incur criminal prosecution. The application for renewal was denied by the department without previous notice to Conragan. In September 1936, the indictment in the instant case was returned against Conragan and the other defendants, charging them with conspiracy to violate the statute.

This court has consistently held that the words, "The law of the land", in the state constitution is synonymous with "due process of law" in the federal constitution. "Due process of law" is incapable of exact definition but, speaking generally, it is held to mean law in its regular course of administration through courts of justice. *Creditors' Service Corp.* v. *Cummings,* 57 R. I. 291; *Church* v. *Town of South Kingstown,* 22 R. I. 381.

It is the right of a citizen to pursue any lawful trade or business free from unreasonable and arbitrary restrictions. But that right is always subject to such reasonable conditions as the state may deem essential to impose for the safety, health and comfort of the community. The fourteenth amendment to the United States constitution "does not destroy the power of the states to enact police regulations as to the subjects within their control." *Davis* v. *Massachusetts*, 167 U. S. 43. In *Gundling* v. *Chicago*, 177 U. S. 183, the court sustained an ordinance of the city of Chicago forbidding the sale of cigarettes without a license and, at page 188 of that opinion, says: "Regulations respecting the pursuit of a lawful trade or business are of very frequent occurrence in the various cities of the country, and what such regulations shall be and to what particular trade, business or occupation they shall apply, are questions for the State to determine, and their determination comes within the proper exercise of the police power of the State, and unless the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizen are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law, they do not extend beyond the power of the State to pass, and they form no subject for Federal interference."

The statute in the instant case is directed at the public policy that shall be followed in relation to the practice of hairdressing and cosmetic therapy for hire and reward, so that these practices shall not become, in their mode of exercise, dangerous or injurious to the health of the community. We would have to shut our eyes to existing conditions to regard the precaution unreasonable or the legislation to effect it as a wanton interference with personal liberty. The power of the legislature to regulate trades and occupations likely to be injurious to the inhabitants of the state and to punish as a crime any act in violation of its policy is clearly within the police power of the state and no

longer open to question. It is a matter of legislative will alone. If the legislation is not unreasonable or arbitrary, the courts are not concerned with its wisdom, policy or expediency.

Statutes regulating barbers, barber shops and barber schools have been upheld by this court as a valid exercise of the police power. *State* v. *Armeno,* 29 R. I. 431; *State* v. *Conragan,* 54 R. I. 256. The occupation of barber and that of hairdressing and cosmetic therapy, while affecting different elements in the community, are kindred subjects. We see no reason why the state is not justified in protecting women against unsanitary conditions, improper methods and incompetence in the practice of hairdressing and cosmetic therapy.

The defendants contend that the due process clause is violated because the department may refuse to renew a certificate of approval without previous notice and hearing. They direct our attention to the fact that the statute provides for notice and hearing before the department can revoke a certificate of approval while it continues in force, but that it makes no such provision in the case of a renewal. The defendants, however, overlook or intentionally disregard the provision in the statute that gives to "Any person aggrieved by any order or decision" of the department the right to appeal to the superior court within a certain time from that order or decision. If a person, who is refused the renewal of a certificate of approval, considers himself aggrieved by the decision of the department, he may appeal to the superior court and upon his appeal he shall be heard by that court. Whether he shall also be heard by the department is a matter of policy with which we are not concerned. The important fact is that the statute gives him an opportunity to fully present his case to a court. If he chooses to do so, by complying with provisions of the statute in respect to an appeal. The availability of an appeal of this nature has been considered and approved by this court on different occasions. *Prata Under-*

*taking Co.* v. *Board of Embalming,* 55 R. I. 454; *Horton* v. *Old Colony Bill Posting Co.,* 36 R. I. 507; *State* v. *Armeno, supra.*

The defendants further contend that there is an unjust invasion of their property rights when the statute grants to the department arbitrary power in respect to the renewal of a certificate of approval. This contention is unsound. While the statute invests the department with considerable discretion for administrative purposes, it does not grant to the department any arbitrary power. The department is not permitted to act through whim, caprice or ill will, as its decision, not being final, is subject to review by appeal to the superior court under the statute or by some other appropriate proceeding.

A school of hairdressing and cosmetic therapy is designed to give proper instructions to untrained persons, so that they may later engage in those practices for hire and reward with reasonable assurance that the public will not be exposed to incompetence dangerous to its health and well-being. Whether such a school will accomplish its purpose depends, among other things, upon the competency, honesty of purpose, ethical viewpoint and appreciation of public responsibility of those in charge. In the hands of unqualified or designing persons, the school might be harmful to students and public alike. It cannot be put out of view that the conducting of such a school is a business pure and simple, originated and carried on for profit. It is its capability for harm that undoubtedly induced the legislature to require the licensing of these schools and to keep them under constant supervision. Distinctions are constantly made in the regulation of trades or occupations that the state believes may be harmful to the health, safety or comfort of the general public even though the use of property may be directly or indirectly involved.

A certificate to operate a school of hairdressing and cosmetic therapy is nothing more than a license to do that which the state otherwise declares to be unlawful. Although

the privilege conferred by the certificate may be valuable, it is neither a contract nor a property right within the constitutional meaning of those words. The permission thus granted remains at all times subject to complete control by the state. It may be denied or revoked for cause or it may be entirely annulled by a change of policy or legislation in regard to the subject. The refusal to renew a license of this character is not a deprivation of property without due process of law.

The defendants further contend that the statute is discriminatory in its classification. This contention is based upon the fact that notice and hearing is required from the department before it can *revoke* a certificate of approval, but no such provision is made in the case of a *renewal*. From this premise, the defendants argue that they are denied the equal protection of the law in violation of the provisions of the fourteenth amendment to the constitution of the United States. It is well established that the state may resort to so-called "class" legislation with reference to an evil to be prevented. Abstract symmetry is not required. The question is a practical one, dependent upon experience, and varies with the facts in each case. 2 Cooley, Const. Lim., (8th ed.) 813. Legislation of this type is valid if there is reasonable ground for the classification and provided it affects all within the class, or sub-divisions thereof, to the same extent and in the same manner. *Tisdall & Co.* v. *Board of Aldermen,* 57 R. I. 96; *Creditors' Service Corp.* v. *Cummings, supra.* See *Narragansett Electric Lighting Co.* v. *Sabre,* 50 R. I. 288. These defendants are members of a class which the legislature has deemed advisable, as a matter of policy in the interests of the public health, to control and regulate by means of a license system. The statute permits no discrimination among members of the same class. All are treated alike and all are equally subject to the administrative provisions of the act. The statute does not violate the equal protection clause of the federal constitution.

Another contention of the respondents is that the statute grants legislative and judicial power to the department. The power to enact a law regulating a trade, business or profession for the common good is a legislative power which cannot be delegated. But the legislature, in many instances, must of necessity leave to ministerial and administrative officers or bodies the details in connection with the administration of such a law. The legislative power to vest a board or department with reasonable discretion to license a given occupation so that its will as expressed in the statute may be executed, even though the exercise of that discretion be *quasi* judicial in character, is sustained by the great weight of authority. There is a vast difference between vesting arbitrary power in administrative officers or bodies and vesting power in them to make necessary determinations of fact in administering the provisions of a law. *State* v. *Rosenkrans,* 30 R. I. 374; *Crowley* v. *Christensen,* 137 U. S. 86; *Gundling* v. *Chicago, supra; Fischer* v. *St. Louis,* 194 U. S. 361; *Korth* v. *City of Portland,* 123 Ore. 180; *Creaghan & Imwold* v. *Mayor and City Council of Baltimore,* 132 Md. 442. See also *Mutual Film Corp.* v. *Industrial Commission of Ohio,* 236 U. S. 230.

In the instant case, the legislature has enacted the law, set the standard and prescribed the penalty. The statute is complete and leaves only the details for its enforcement to the department. There is no delegation of legislative power. The only power vested in the department is to determine the existence or nonexistence of facts upon which the statute is intended to operate. There are many considerations of fact upon which prudent and useful legislation must depend, and which must of necessity be the subject of inquiry and determination outside the halls of legislation. 1 Honnold, Supreme Court Law, 760. The statute, therefore, does not violate art. III of the constitution of Rhode Island.

It is equally clear to us that the department is not vested with judicial power in violation of that same article of

our constitution. While the duties of the department at times may require the exercise of considerable discretion, its acts are at all times primarily of an administrative nature and are subject to a right of appeal to the superior court as hereinbefore stated. The general provisions of the statute in respect to licenses, and those of sec. 4 in particular, are substantially rules of procedure by which the legislature established a uniform policy governing the enforcement of the statute by the department.

Our decision is that public laws 1926, chap. 765, as amended by public laws 1936, chap. 2362, in so far as questioned in these proceedings, does not violate the provisions of either the federal or state constitutions hereinbefore specifically indicated. We therefore answer all the constitutional questions as certified to this court in the negative.

The papers in the case with our decision certified thereon are ordered sent back to the superior court for further proceedings.

*John P. Hartigan,* Attorney General, *John J. Cooney,* 2nd Asst. Atty. Gen., for State.

*Henry M. Boss,* for defendants.